# BURSOR & FISHER
### P.A.

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

**JOSEPH I. MARCHESE**
Tel: **646.837.7150**
Fax: **212.989.9163**
**jmarchese@bursor.com**

July 8, 2020

*Via ECF & E-MAIL*

Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

*Re:*    *Gregory Maroney v. Glanbia Performance Nutrition, Inc., d/b/a/ Slimfast,* **No: 7:20-CV-02788-CS (S.D.N.Y.)**

Dear Judge Seibel:

We represent the Plaintiff in the above-referenced matter.  Pursuant to Rule 2(A) of Your Honor's Individual Practices, we write to respond to Defendant KSF Acquisition Corp. d/b/a/ Slimfast's ("Slimfast" or "Defendant") June 23, 2020 letter ("Letter") requesting a pre-motion conference on its anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 11) ("Letter").  Plaintiff will oppose Slimfast's motion.

Defendant argues that Plaintiff's claims under New York's General Business Law ("GBL") §§ 349-350 and Plaintiff's claims for breach of warranty should be dismissed because "it was objectively unreasonable for Plaintiff to believe that merely by using the Product alone he would accomplish his desired goals." *See* Letter, at 1. This argument is wrong.  Under New York's GBL § 349 and § 350, "a plaintiff must allege that the defendant (1) engaged in consumer-oriented conduct; (2) that the conduct was materially misleading; and (3) that the plaintiff suffered injury as a result of the allegedly deceptive act or practice."  *Stewart v. Riviana Foods Inc.*, 2017 WL 4045952, at *8 (S.D.N.Y. Sept. 11, 2017); *see also Gristede's Foods, Inc. v. Unkechauge Nation,* 532 F. Supp. 2d 439, 450-51 (E.D.N.Y. 2007) (stating that the standards under Sections 349 and 350 are "substantively identical").  "The New York Court of Appeals has established an objective standard for determining whether acts or practices are materially deceptive or misleading 'to a reasonable consumer acting reasonably under the circumstances.'" *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014) (citation omitted).

As a threshold matter, the "objective [reasonableness] inquiry is typically unsuited to resolution at the pleading stage." *Suarez v. California Nat. Living, Inc.*, 2019 WL 1046662, at *7 (S.D.N.Y. Mar. 5, 2019); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 543 (S.D.N.Y. 2013) (explaining that "whether a particular act or practice is deceptive is usually a question of fact.").

BURSOR&FISHER
P.A.

Even if the Court were to go beyond the four corners of the Complaint and determine whether a reasonable consumer would be deceived by Defendant's conduct, this case does not present the rare situation where a court may find that a reasonable consumer would not be deceived as a matter of law on a motion to dismiss. Defendant represents that the SlimFast Keto MCT Oil ("SlimFast MCT" or the "Product") is "Clinically Proven Lose Weight & Keep It Off." *See* Class Action Complaint ("Complaint") (Doc No. 1), at ¶ 1. This representation is false because the Product's only active ingredient, "100% Pure Coconut Oil," does not cause or contribute to weight loss, as demonstrated in various scientific studies. *Id.* at ¶¶ 1, 11-16, 19.

Defendant argues that Plaintiff's claims fail because "the Product is to be used as part of the Slim Fast Plan, not as a standalone Product." Letter at 1. This is based on Defendant's representation regarding certain disclaimers or caveats that appear in small print on the back of the label. But "reasonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth … in small print on the side of the box." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)); *see also id.* ("We conclude that a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box. Plaintiffs plausibly allege that the Nutrition Facts panel and ingredients list on whole grain Cheez-Its—which reveals that enriched white flour is the predominant ingredient—contradict, rather than confirm, Defendant's "whole grain" representations on the front of the box."); *Potler v. MCP Facilities Corp.*, 471 F. Supp. 1344, 1351 (E.D.N.Y. 1979) (deeming a disclaimer inoperative where a product's express warranties could not reasonably be construed consistently with the disclaimer's language). Under binding Second Circuit precedent, Defendant's fine print disclaimer on the back of the Product does not render Mr. Maroney's reliance on the prominent language on the front of the label unreasonable.

The bottom line is that the Product does not contribute to weight loss, whether as part of the Slim Fast Plan or otherwise. Nor is MCT coconut oil or the Slim Fast plan "Clinically Proven Lose Weight & Keep It Off." *See* Complaint at ¶ 19. As such, Defendant's representations are false and in breach of express and implied warranties. Even granting every conceivable inference in Defendant's favor, Mr. Maroney alleges in the Complaint that he "used the Product as directed on the label." *Id.* at ¶ 21. This undercuts Defendant's unsupported argument that Mr. Maroney did not use the Product as directed.

Defendant also argues that "Plaintiff, as a New York citizen, lacks standing to sue on behalf of consumers who bought the Product in other states." Letter at 2. That is wrong. Defendant's argument that this Court lacks personal jurisdiction over non-resident putative class members is wrong because most courts have held that the *Bristol–Myers* decision does not apply to federal class actions. *See Bank v. CreditGuard of Am.,* 2019 WL 1316966, at *12 n.11 (E.D.N.Y. Mar. 22, 2019); *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 126 (D.D.C. 2018) ("*Bristol–Myers* does not apply to class actions. … the court is persuaded by the analysis of the few courts that have squarely addressed the issue."); *Sanchez v. Launch Tech. Workforce Sols.*, LLC, 297 F. Supp. 3d 1360, 1369 (N.D. Ga. 2018) ("*Bristol–Myers* … does not apply to federal class actions"). Further, Defendant also properly concedes that "courts in this district and throughout

the Second Circuit generally encourage such issues to be resolved at class certification rather than at the pleading stage." Letter at 2.

As such, this Court should decline to grant Defendant leave to file a motion to dismiss.

Very truly yours,

Joseph I. Marchese