UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MARONEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>KSF ACQUISITION CORPORATION d/b/a SLIMFAST,<br><br>        Defendant. | Case No: 7:20-CV-02788-CS |

**KSF ACQUISITION CORPORATION D/B/A SLIMFAST'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
THE CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...............................................................................................................................1

FACTUAL BACKGROUND ............................................................................................................4

ARGUMENT......................................................................................................................................6

    A.    Plaintiff's Statutory Claims Are Objectively Implausible. ....................................6
    B.    Plaintiff's Warranty Claims Fail. ..............................................................................8
    C.    Plaintiff's Unjust Enrichment Claim Fails...............................................................10

CONCLUSION.................................................................................................................................11

# **TABLE OF AUTHORITIES**

**Federal Cases**                                                                                                              **Page(s)**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................................6, 7

*Atik v. Welch Foods, Inc.*,
   Case No. 15-cv-5405, 2016 U.S. Dist. LEXIS 136056 (E.D.N.Y. Sept. 30,
   2016) ...............................................................................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................6

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013)..............................................................................................7

*Kommer v. Bayer Consumer Health*,
   252 F. Supp. 3d 304 (S.D.N.Y. 2017)...........................................................................7, 8

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F.3d 419 (2d Cir. 2011)..............................................................................................7

*Mangiafico v. Blumenthal*,
   471 F.3d 391 (2d Cir. 2006)..............................................................................................4

*Manuel v. Pepsi Cola Co.*,
   No. 17 Civ. 7955, 2018 U.S. Dist. LEXIS 83404 (S.D.N.Y. May 17, 2018),
   *aff'd*, 763 F. App'x 108 (2d Cir. Mar. 15, 2019) ..............................................................9

*Nelson v. Miller Coors, LLC*,
   246 F. Supp. 3d 666 (E.D.N.Y. 2017) ..............................................................................9

*In re Scotts EZ Seed Litig.*,
   No. 12-cv-4727, 2013 WL 2303727 (S.D.N.Y. May 22, 2013) .....................................10

**State Cases**

*Corsello v. Verizon N.Y., Inc.*,
   18 N.Y.3d 777 (2012) ....................................................................................................10

**State Statutes**

N.Y. GBL § 349.................................................................................................................3, 7, 8
N.Y. GBL § 350.................................................................................................................3, 7, 8

**Rules**

Fed. R. Civ. P. 12(b)(6).......................................................................................................1, 11

Defendant KSF Acquisition Corporation d/b/a Slimfast ("Defendant" or "Slimfast") submits this memorandum of law in support of its motion to dismiss Plaintiff Gregory Maroney's ("Plaintiff" or "Maroney") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

This is a garden-variety false advertising/consumer deception case. The product at issue is SlimFast Keto MCT Oil dietary supplement (the "Product"). According to the basic theory set forth in the Complaint, the "Product" is "defective" because MCT oil has not been proven to be the stand-alone, miracle "one missing link" weight loss ingredient that Plaintiff claims he thought it would be.

We could stop right there, and this motion would have to be granted, because all of Plaintiff's claims are subject to the "reasonable person" standard or must be viewed through the lens of objective reasonableness (for the warranty claims). Objectively viewed, no reasonable person would believe that any single, stand-alone substance would magically deliver whatever his weight loss goals might be, without any additional effort or behavior modification on his part. His claim that he was deceived in arriving at that belief is objectively unreasonable, and this claim must be dismissed regardless of anything else the Product's label said.

But that is not at all what the Product's label said. Rather, every container had significant, additional information and instructions for use of the Product as merely one part of a more comprehensive weight loss program. Indeed, each and every bottle of the Product instructed every consumer that the Product was to be used "as part of the SlimFast Plan," and gave instructions where to find that Plan on-line at www.SlimFastKeto.com. Elsewhere, each bottle instructed the user to "Consume at least 1,200 calories a day," to "Exercise at least 30 minutes a day and drink plenty of water," and, perhaps most importantly, to "see a doctor before starting this or any diet." In view of these additional instructions, no reasonable person could

1

conclude that consuming the Product and nothing more was all he or she needed to do to lose weight.

This series of additional instructions poses a dilemma for Plaintiff. He alleges that he "used the Product as directed on the label." (Complaint, ¶21.) He provides no further detail beyond this one conclusory remark. He does not provide any information at all about his caloric intake over the period he consumed the Product, notwithstanding explicit instructions on that point. He tells us nothing about his exercise habits during that same time, again notwithstanding explicit instructions on that point. And, he tells us nothing about even consulting a doctor before beginning the program, much less anything any doctor told him about whether use of the Product alone would overcome the effects of any series of lifestyle choices he had made over the years or was continuing to make while using the Product.

Even without these details, however, Plaintiff's allegation that he used the Product "as directed" is fatal to his claims. Simply put, no reasonable person who read and followed instructions to use the Product "as part of the SlimFast Plan," **could possibly believe** that the Product, or the coconut oil ingredient in the Product, was a miracle ingredient, or that it alone would produce weight loss results without diet or exercise, **precisely because diet and exercise are part of the Plan**. That fact is expressly stated on the label, without resorting to any website, health care professional or any other source of information whatsoever. Nothing on the package communicated to Plaintiff or any other consumer that the MCT Oil in the product was a substitute for the other pillars of a successful weight loss program, or that it rendered the other steps unnecessary. Indeed, the package stated the opposite. So if, in fact, Plaintiff could prove that he actually did use the Product "as directed" yet still failed to lose weight, then the case necessarily would turn on idiosyncratic factors unique to Plaintiff, but it still would not support

any of his claims, or make SlimFast's claims false.  It simply would make Plaintiff an exception to the millions of other people who have used the Product as part of the SlimFast Plan to meet their weight loss goals.  His own unique circumstances, if proven, would not support his claims under New York General Business Law §349 or §350, precisely because the circumstances would be unique to him and not the population as a whole, to which statements about the SlimFast program as a whole being "clinically proven" are directed.  Likewise, his unique circumstances could not establish any breach of warranty, because any "warranty" does not promise results to every individual, regardless of unique circumstances, but rather that the SlimFast Plan as a whole has been clinically proven to produce weight loss when followed as directed.  Nothing about the claims as alleged in the Complaint demonstrates any falsity as to those claims or any breach of warranty.  Indeed, to prevail, Plaintiff would have to plead that the SlimFast Plan, followed as directed, is incapable of assisting anyone in achieving weight loss.  The Complaint makes no effort to scale that mountain.

Which brings us back to the Plaintiff.  His core claim – that he thought MCT Oil alone would produce weight loss – does not pass the reasonable consumer test.  His theory is manifestly and objectively unreasonable as a matter of law, and his Complaint should be dismissed.  Doing so would spare the Court from having to address the numerous other problems with the Complaint and its would-be class action components, including (i) lack of personal jurisdiction over the Defendant (which is not "at home" in New York) for any products purchased by non-New York citizens; (ii) inapplicability of New York's G.B.L. §§349 and 350 to purchases made outside New York; (iii) Plaintiff's lack of standing to pursue injunctive relief; and (iv) the non-viability of his stand-alone warranty and unjust enrichment claims.  Each of

these deficiencies would merit dismissal, at least in part, in its own right, but the unreasonableness of Plaintiff's basic claim dooms his entire action in one fell swoop.

## FACTUAL BACKGROUND

The Complaint tells us very little about the Plaintiff. All we know is that he claims he first purchased the Product "[i]n or about July 2018." He continued to purchase at some unstated frequency "through October 2019." (Compl.[1], ¶21.) Critically, however, he alleges that he "used the Product as directed on the label." (*Id.*)

Plaintiff does not provide any details about those "directions." Indeed, Plaintiff quotes the insert on the label that states "Clinically Proven Lose Weight & Keep It Off," but he ignores the asterisk that goes along with that language. The asterisk directs the user to the following language:

- "When used as part of the SlimFast Plan (a reduced calorie diet, regular exercise, and plenty of fluids). Individual results may vary. Find the complete SlimFast Keto plan at www.SlimFastketo.com."

Elsewhere, the label stated:

- "The Clinically Proven Slim Fast Plan combines over 40 years of weight loss success with tasty and satisfying products, to now also offer you optimal ketogenic nutrition. Follow the SlimFast Keto Plan+ to help you lose weight fast and keep it off. See results in just one week!*"
    - "+ Find the complete SlimFast Keto Plan at www.SlimFastKeto.com."

---

[1] Plaintiff's Complaint, Dkt. No. 5, is attached to the Request for Judicial Notice ("Request"), filed contemporaneously with this Motion. The Product's Label is also attached to the Request, and as set forth more fully in the Request, the Court can take judicial notice of the label because it is heavily relied upon in the Complaint and forms the very basis for the claim. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

> - "* When used as part of the SlimFast Plan (a reduced calorie diet, regular exercise, and plenty of fluids). Individual results may vary. Find the complete SlimFast Keto plan at www.SlimFastKeto.com."

Consumers who followed the instructions to visit the SlimFast Keto website were able to access a wealth of information about SlimFast's clinically-proven 3-step program, recipes, weight loss trackers, shopping aids, other SlimFast Keto products and more. However, they would not find any suggestion that MCT Oil made irrelevant such weight loss basics as calorie reduction, exercise and other lifestyle modifications. In short, SlimFast never promised that MCT Oil alone was a miracle ingredient, silver bullet, lucky charm or anything else Plaintiff might have imagined could be capable of negating or overcoming his other dietary and lifestyle choices.

Little wonder Plaintiff offers no factual detail explaining the steps he took over some 15 months of buying the Product to follow the full SlimFast Plan. We have no idea if he followed the instructions to consult a doctor before beginning his weight loss journey. We do not know anything about his exercise habits and whether he integrated exercise into his weight loss effort, as the Product's label directed. And we do not know whether he observed a reduced calorie, 1,200 calorie per day intake, as also instructed. The only thing we know is that a reasonable person could not read the Product's label (not to mention the full SlimFast plan and website) and still claim to believe that MCT Oil alone, absent any other lifestyle change, was the key to weight loss. Everything from the label, to the website, to the instructions for use, told Plaintiff and every other consumer that SlimFast Keto MCT Oil was merely one part of a much larger diet, exercise and lifestyle plan.[2]

---

[2] Ironically, and perhaps unwittingly, the Complaint concedes the effectiveness of an overall ketogenic diet. It alleges: "The ketogenic diet causes weight loss because the body will metabolize stored body fat for fuel." (Compl., ¶5.)

Moreover, the Product's label makes clear that the reference to "clinically proven" points to the SlimFast Plan as a whole. The Complaint contains no allegation anywhere that the full Plan, to which the Product user is directed numerous times, has not been "clinically proven" to produce weight loss. Nor do any of the papers cited in the Complaint purport to study the full SlimFast Plan, or even the use of MCT Oil as part of a program that includes calorie reduction and regular exercise. No reasonable person could read the Product's label as warranting that merely adding "1 tablespoon . . . to foods or drinks" would overcome other dietary and lifestyle choices that are inconsistent with the SlimFast Keto plan. After all, pepperoni pizza, macaroni and cheese and fish and chips are all "foods." Frappes, milkshakes and banana daiquiris are all "drinks." But none of them are cornerstones of the SlimFast Plan, and no reasonable person would believe that simply adding a tablespoon of the Product to any (much less all) of those items would inevitably lead to weight loss for anyone who used the Product. There is simply no way any reasonable person could interpret the Product's label in the way Plaintiff claims to have understood it.

## ARGUMENT

**A.      Plaintiff's Statutory Claims Are Objectively Implausible.**

This motion, and each of Plaintiff's cause of action, are guided by the same basic inquiry: Is it plausible that a reasonable consumer could interpret the SlimFast label, viewed as a whole, in the manner Plaintiff alleges? The plausibility requirement, of course, comes from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), both of which stand for the proposition that in order to move a case beyond the pleading stage, a plaintiff must put forward a set of facts that nudges the claim across the line from conceivable to plausible.

The reasonable person standard is well-grounded in New York Law. In order to assert a claim under G.B.L. §349 or §350, the Plaintiff must establish that the conduct at issue – here, the SlimFast Keto Product label – would be "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 310-11 (S.D.N.Y. 2017) (internal citations and quotations omitted). This reasonable person standard inquiry "is an objective one . . . [that] may be resolved as a matter of law on a motion to dismiss." *Id.* at 311 (citing *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).

These two inquiries converge in connection with a motion to dismiss. The court views the claim from the standpoint of a reasonable consumer but must take into account "the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011) (citing *Iqbal*, 556 U.S. at 673-83).

The "full factual picture" is especially important in a consumer protection/false advertising case like this. The court is not constrained by the Plaintiff's hand-picked snippets of a product's label, nor the Plaintiff's self-serving interpretation of those snippets. In *Kommer*, the court noted that it must view the challenged label or claim in light of the contents and in context, including any disclaimers, and that "'under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception.'" *Kommer*, 252 F.3d at 312 (quoting *Fink*, 714 F.3d at 742). The *Kommer* court held that the presence of disclaimer language prevented a reasonable consumer from finding the challenged instructions materially misleading. *Id.* at 313. Accordingly, defendant's motion to dismiss was granted. *Id.*

7

*Kommer* is directly on point. In that case, the plaintiff alleged deception because he thought that defendant's off the shelf $50 shoe inserts were "functionally equivalent" to the custom-made fitted orthotics that cost him $333. *Id.* at 306-07. At issue was language on a kiosk that accompanied the assortment of inserts in the store. The kiosk had instructions for selecting which of the prefabricated inserts was best suited to any given individual, but which also contained important additional information. Specifically, the kiosk included the following statement: "The Dr. Scholl's Custom Fit Orthotic Center uses state of the art technology to measure your feet, but does not diagnose medical conditions. It is not intended to take the place of your podiatrist. See your podiatrist as needed for diagnosis and treatment of medical conditions." *Id*. at 312.

The facts here are even stronger, because there is simply no way this Plaintiff or any other consumer could read the package for instructions for use and not encounter the additional language informing him that the Product was part of a larger, multi-faceted plan. This additional information is not even properly characterized as a disclaimer; rather, it is part and parcel of the use directions – *i.e.*, the one Plaintiff claims he followed. One would have to turn a willful blind eye to these additional directions to believe the Product was intended for use as a standalone. There is nothing on the Product's label that communicates to any reasonable consumer that use of the Product, without other behavior change, will produce weight loss. No reasonable consumer could interpret the label as Plaintiff does. His claims are objectively implausible, and his claims under G.B.L. §349 and §350 must be dismissed.

**B.     Plaintiff's Warranty Claims Fail.**

Plaintiff's claims for breach of express and implied warranty fail for much the same reason. Plaintiff's express warranty theory is that defendant "expressly warranted that SlimFast MCT [sic] was 'Clinically Proven' to help consumers 'Lose Weight & Keep It Off.'" (Compl.,

¶50.)  As noted above, the Product's label contains no such "warranty," nor any language that could be twisted or tortured make any such claim *about the Product alone*.  In context, all claims – whether they could be characterized as a "warranty" or not – pertain to the SlimFast Plan as a whole.

In viewing a motion to dismiss an express warranty claim, a court must only consider a reasonable reading of the label at issue. *See Manuel v. Pepsi Cola Co.*, No. 17 Civ. 7955, 2018 U.S. Dist. LEXIS 83404, at *21-25 (S.D.N.Y. May 17, 2018) (finding plaintiffs "cannot maintain a claim that reasonable consumers have been deceived" and explaining "a cause of action for false or misleading conduct cannot rest on an unreasonable reading of label or advertising at issue"), *aff'd*, 763 F. App'x 108 (2d Cir. Mar. 15, 2019); *Atik v. Welch Foods, Inc.*, Case No. 15-cv-5405, 2016 U.S. Dist. LEXIS 136056, at *44 (E.D.N.Y. Sept. 30, 2016) (on a motion to dismiss an express warranty claim, a court must "consider the reasonableness of [the Plaintiff's] interpretation of Defendants' label").  It is from this standpoint that the court assesses whether Plaintiff's claim to have relied on a purported representation as the basis for a bargain was objectively reasonable.  Thus, the court must look at the alleged "warranty" in the context of the full label, and the balance of the label may defeat a breach of warranty claim as a matter of law. *Nelson v. Miller Coors, LLC*, 246 F. Supp. 3d 666, 678-79 (E.D.N.Y. 2017) (even assuming images on label created a "warranty" about the place of brewing, other label information expressly identified the place; thus breach of warranty claim failed).

Importantly, Plaintiff does not allege that any "warranty" was breached because he personally failed to meet his own (unstated) weight loss goals.  That claim would create enough problems for him, because the label creates no such warranty as to the Product by itself, as opposed to the larger SlimFast Plan.  But that theory would be completely untenable as a class

9

action, because any such theory of "breach" would raise so many individual, subjective issues that no class could ever be certified. Thus, Plaintiff's core theory is that the "warranty" was "breached" because the Product is objectively incapable of causing weight loss on its own. SlimFast disputes this assertion, but that issue is completely beside the point because the label does not make that promise, nor could any reasonable person believe otherwise. Plaintiff's cherry-picked "warranty" does not exist, and this claim must be dismissed.

Plaintiff's claim for breach of implied warranty may be summarily dismissed. Paragraph 21 of the Complaint alleges that Plaintiff bought the Product at Wal-Mart. That means Plaintiff did not buy the Product directly from SlimFast and, therefore, he is not in privity of contract with SlimFast. This is fatal to Plaintiff's claim, because New York law requires privity of contract in order for such claims to lie. "[C]ourts have expressed a policy against holding manufacturers liable to end-consumers under a theory of implied warranty where the parties are not in privity." *In re Scotts EZ Seed Litig.*, No. 12-cv-4727, 2013 WL 2303727, at *8 (S.D.N.Y. May 22, 2013) (internal citations and quotations omitted). Since Plaintiff cannot change where he bought the Product, he cannot manufacture privity and this claim fails as a matter of law.

## C. Plaintiff's Unjust Enrichment Claim Fails.

Finally, Plaintiff's claim for unjust enrichment fails, because it is nothing more than a catch-all, thrown in just in case his other claims fail. It has no independent substance. As such, courts routinely dismiss such claims where, as here, unjust enrichment "simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790-91 (2012). Moreover, the Complaint negates any notion that Plaintiff conferred any benefit on SlimFast, which is an essential element of his claim. As alleged in the Complaint, Plaintiff purchased from Wal-Mart; SlimFast was a stranger to that transaction. Any "benefit" to SlimFast from Wal-Mart's purchase occurred much earlier in the distribution chain, and

SlimFast had made its money whether Plaintiff ever bought the Product or not. For this additional reason, Plaintiff's unjust enrichment theory fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant Slimfast respectfully requests that this Court grant its motion to dismiss the Complaint pursuant to Rule 12(b)(6).

Respectfully submitted,

Dated: New York, New York
      August 5, 2020

**GREENBERG TRAURIG, LLP**

By:  */s/ Philip H. Cohen*
     Philip H. Cohen
     Andrea N. Chidyllo
     200 Park Avenue
     New York, New York 10166
     Tel: (212) 801-9200
     Fax: (212) 801-6400
     *Cohenp@gtlaw.com*
     *Chidylloa@gtlaw.com*

     Rick L. Shackelford (*admitted pro hac vice*)
     GREENBERG TRAURIG, LLP
     1840 Century Park East
     Suite 1900
     Los Angeles, CA 90067
     Tel: (310) 586-7700
     Fax: (310) 586-0575
     *shackelfordr@gtlaw.com*

     *Attorneys for Defendant KSF Acquisition Corporation d/b/a Slimfast*