UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MARONEY, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>KSF ACQUISITION CORPORATION d/b/a SLIMFAST,<br><br>                    Defendant. | Civil Action No. 7:20-cv-02788-CS |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KSF ACQUISITION CORPORATION D/B/A SLIMFAST'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

    A.    LEGAL STANDARD ............................................................................................ 2

    B.    PLAINTIFF STATES A CLAIM FOR VIOLATIONS OF STATE CONSUMER PROTECTION LAWS ................................................................ 3

        1.    Whether A Reasonable Consumer Would Be Misled Is Beyond The Scope Of A Motion To Dismiss ............................................... 4

        2.    The Complaint Adequately Alleges That A Reasonable Consumer Would Be Deceived By The Product's Label .............................. 5

    C.    PLAINTIFF STATES A CLAIM FOR BREACH OF WARRANTY ......................................................................................................... 8

    D.    PLAINTIFF STATES A CLAIM FOR UNJUST ENRICHMENT ........................ 11

CONCLUSION .................................................................................................................... 13

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2017) .................................................................................................................. 2

*Bildstein v. MasterCard International, Inc., 03–CV–9826I*,
  2005 WL 1324972 (S.D.N.Y. 2005) ....................................................................................... 12

*Borman's, Inc. v. Olympic Mills, Inc.*,
  1993 WL 190344 (S.D.N.Y. 1993) ......................................................................................... 10

*Bourbia v. S.C. Johnson & Son, Inc.*,
  375 F. Supp. 3d 454 (S.D.N.Y. 2019) ....................................................................................... 2

*Brady v. Basic Research, L.L.C.*,
  101 F. Supp. 3d 217 (E.D.N.Y. 2015) ....................................................................................... 9

*Buonasera v. Honest Co., Inc.*,
  208 F. Supp. 3d 555 (S.D.N.Y. 2016) ....................................................................................... 4

*Conley v. Gibson*,
  355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ......................................................................... 2

*Corsello v. Verizon N.Y., Inc.*,
  18 N.Y. 3d 777 (2012) ............................................................................................................ 11

*Cox v. Microsoft Corp.*,
  8 A.D.3d 39, 778 N.Y.S.2d 147 (1st Dep't 2004) .............................................................. 12, 13

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
  8 F. Supp. 3d 467 (S.D.N.Y. 2014) ....................................................................................... 3, 9

*Gristede's Foods, Inc. v. Unkechauge Nation*,
  532 F. Supp. 2d 439 (E.D.N.Y. 2007) ....................................................................................... 3

*Haraden Motorcar Corp. v. Bonarrigo*,
  2020 WL 1915125 (N.D.N.Y. Apr. 20, 2020) ........................................................................ 11

*Hidalgo v. Johnson & Johnson Consumer Companies, Inc.*,
  148 F. Supp. 3d 285 (S.D.N.Y. 2015) ....................................................................................... 5

*In re Frito-Lay N. Am., Inc. All Natural Litig.*,
  2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) .......................................................................... 4

*Kommer v. Bayer Consumer Health*,
  252 F. Supp. 3d 304 (S.D.N.Y. 2017) ....................................................................................... 7

*Mantikas v. Kellogg Co.*,
    910 F.3d 633 (2d Cir. 2018) ............................................................................... 1, 2, 6, 7

*Murray Eng'g P.C. v. Remke*,
    2018 WL 3773991 (S.D.N.Y. Aug. 9, 2018) ................................................................ 11

*Parker v. Raymond Corp.*,
    87 A.D.3d 1115 (2d Dep't 2011) ................................................................................... 9

*Pelman ex rel. Pelman v. McDonald's Corp.*,
    396 F.3d 508 (2d Cir. 2005) .......................................................................................... 3

*Potler v. MCP Facilities Corp.*,
    471 F. Supp. 1344 (E.D.N.Y. 1979) ........................................................................... 10

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013) ........................................................................... 4

*Salahuddin v. Cuomo*,
    861 F.2d 40 (2d Cir. 1988) ......................................................................................... 13

*Segedie v. Hain Celestial Grp., Inc.*,
    2015 WL 2168374 (S.D.N.Y. May 7, 2015) ................................................................. 4

*Sims v. First Consumers Nat'l Bank*,
    758 N.Y.S.2d 284 (App. Div. 2003) .......................................................................... 2, 4

*Singleton v. Fifth Generation, Inc.*,
    2016 WL 406295 (N.D.N.Y. Jan. 12, 2016) ................................................................. 9

*Sitt v. Nature's Bounty, Inc.*,
    2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016) .............................................................. 9

*Speedfit LLC v. Woodway USA, Inc.*,
    53 F. Supp. 3d 561 (E.D.N.Y. 2014) .......................................................................... 11

*Sperry v. Crompton Corp.*,
    8 N.Y.3d 204, 863 N.E.2d 1012 (2007) ................................................................ 12, 13

*State ex rel. Spitzer v. Daicel Chemical Industries, Ltd.*,
    42 A.D.3d 301, 840 N.Y.S.2d 8 (1st Dep't 2007) ...................................................... 12

*Stewart v. Riviana Foods Inc.*,
    2017 WL 4045952 (S.D.N.Y. Sept. 11, 2017) .............................................................. 3

*Tyman v. Pfizer, Inc.*,
    2017 WL 6988936 (S.D.N.Y. Dec. 27, 2017) ............................................................ 13

*Vaccariello v. XM Satellite Radio Inc.*,
    2009 WL 10696889 (S.D.N.Y. Sept. 30, 2009) ......................................................... 2, 4

*Waldman v. New Chapter, Inc.*,
    714 F. Supp. 2d 398 (E.D.N.Y. 2010) ........................................................................ 13

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) ............................................................................................. 1, 7

*Wilson Trading Corp. v. David Ferguson, Ltd.*,
  23 N.Y.2d 398, 244 N.E.2d 685 (1968) ................................................................................ 10

**STATUTES**

N.Y. U.C.C. Law § 2-313(a) ....................................................................................................... 8

N.Y. U.C.C. Law § 2-313(1)(b) .................................................................................................. 8

N.Y.U.C.C. 2-316(1) ................................................................................................................. 10

**RULES**

Fed. R. Civ. P. 8(a) ..................................................................................................................... 3

Fed. R. Civ. P. 8(a)(2) ................................................................................................................. 2

Fed. R. Civ. P. 9(b) ..................................................................................................................... 2

**INTRODUCTION**

Defendant's Slimfast Keto MCT Oil ("MCT Oil" or the "Product") prominently states on the front label in all capital letters that the Product is "Clinically Proven [To] Lose Weight & Keep It Off." But that representation is false. MCT oil, a fancy term for coconut oil, has not been clinically proven to cause weight loss, and has not been clinically proven to keep weight off. Plaintiff cites scientific study after scientific study elucidating this fact. *See* Class Action Complaint ("Compl.") (ECF No. 1), at ¶¶ 1, 11-16. Defendant has nothing to say about the scientific data presented by Plaintiff, and does not even intimate in its motion that its MCT Oil is, in fact, clinically proven to cause weight loss or to keep weight off. Defendant's silence is deafening.

Instead, Defendant argues that "the Product's label makes clear that the reference to 'clinically proven'" does not refer to the Product itself, but rather "to the SlimFast Plan as a whole." Mot. at 1. But that is false, and it runs contrary to binding Second Circuit authority in *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)) (explaining that a "reasonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth … in small print on the side of the box"). The challenged Product claim was set forth on the front of the Product package, immediately below the Product name, within its own boxed-off section of the packaging in all capital letters. Compl. at ¶ 18; Mot. at Exh. 1 (product label). Moreover, the Complaint expressly alleges that the challenged claim refers to the Product itself, Compl. at ¶ 17, and that consumers and the Plaintiff understand that to be the case, Compl. at ¶¶ 19 & 21.[1]

---

[1] Defendant also complains that the Complaint omits certain details about the Plaintiff, including, for example, that he "does not provide any information at all about his caloric intake over the

1

Finally, Defendant's argument that its motion should be granted because Plaintiff's claims are subject to the "reasonable person" standard are misplaced at this stage of the proceedings. This Court and other courts in this District have made clear that the so-called "reasonable consumer" determination is a question of fact not normally susceptible to determination at the motion to dismiss stage. *See Vaccariello v. XM Satellite Radio Inc.*, 2009 WL 10696889, at *1 (S.D.N.Y. Sept. 30, 2009) (Seibel, J.) (quoting *Sims v. First Consumers Nat'l Bank,* 758 N.Y.S.2d 284, 286 (App. Div. 2003)) (stating "'[w]hether defendant['s] conduct was deceptive or misleading is a question of fact'"). This is especially true here because Defendant's argument relies on the interpretation of a purported disclaimer set forth in fine print on the back of the Product's packaging. But *Mantikas v. Kellogg Co.* forecloses this line of argument.

In sum, Plaintiff plausibly and sufficiently states a claim for relief, so Defendant's motion should be denied.

## ARGUMENT

### A.  LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the… claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2017) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80

---

period he consumed the Product" or his "exercise habits." Mot. at 2. But these details are not required to sufficiently state a claim. Rather, they amount to factual inquiries not appropriate for determination at the pleadings stage. Plaintiff alleges he purchased the Product because of the challenged claim; used the Product as directed; that the "Clinically Proven" claim is false, and that the Product is defective and unfit for its intended purpose, as indicated by the unrefuted scientific data. Compl. at ¶ 21. That is sufficient to state a plausible claim for relief. *Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454, 461 (S.D.N.Y. 2019) (denying motion to dismiss on allegations that the "[p]laintiff used the product as directed, but it did not provide effective production from mosquitoes, as advertised").

(1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "for the purposes of a motion to dismiss [the court] must take all of the factual allegations in the complaint as true…." *Id.*

### B. PLAINTIFF STATES A CLAIM FOR VIOLATIONS OF STATE CONSUMER PROTECTION LAWS

Under New York's GBL § 349 and § 350, "a plaintiff must allege that the defendant (1) engaged in consumer-oriented conduct; (2) that the conduct was materially misleading; and (3) that the plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Stewart v. Riviana Foods Inc.*, 2017 WL 4045952, at *8 (S.D.N.Y. Sept. 11, 2017); *see also Gristede's Foods, Inc. v. Unkechauge Nation,* 532 F. Supp. 2d 439, 450-51 (E.D.N.Y. 2007) (stating that the standards under Sections 349 and 350 are "substantively identical"). "The New York Court of Appeals has established an objective standard for determining whether acts or practices are materially deceptive or misleading 'to a reasonable consumer acting reasonably under the circumstances.'" *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014) (citation omitted). Plaintiff's claims under GBL § 349 and § 350 are not subject to heightened pleading under Rule 9(b). *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (explaining that "because § 349 extends well beyond common-law fraud to cover a broad range of deceptive practices, [. . .] and because a private action under § 349 does not require proof of the same essential elements (such as reliance) as common-law fraud, an action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b), [. . .] but need only meet the bare-bones notice-pleading requirements of Rule 8(a)"). Here, Defendant challenges only the second element, namely whether the Product's label claim, "Clinically Proven Lose Weight & Keep It Off" (the "Clinically Proven

3

Claim"), is objectively misleading to a reasonable consumer. Defendant's argument fails procedurally, because it is premature, and substantively, because a reasonable consumer would expect the Product to work as advertised.

### 1. Whether A Reasonable Consumer Would Be Misled Is Beyond The Scope Of A Motion To Dismiss

Defendant asks the Court to go beyond the four corners of the Complaint and find as a matter of law that the Clinically Proven Claim would not mislead a reasonable consumer. But courts in this District have expressly rejected Defendant's argument. Indeed, this Court has previously noted that "'[w]hether defendant['s] conduct was deceptive or misleading is a question of fact.'" *Vaccariello*, 2009 WL 10696889, at *1 (Seibel, J.) (quoting *Sims,* 758 N.Y.S.2d at 286). In *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 543 (S.D.N.Y. 2013), the plaintiffs brought a putative class action relating to their purchase of dietary supplements from the defendant which claimed to "help rebuild cartilage." *Id.* at 537. The plaintiffs claimed that the products did not perform as advertised, citing certain scientific studies, which purportedly established that it was impossible to rebuild cartilage. *Id.* at 537-38. The defendant moved to dismiss one of the plaintiff's GBL § 349 claim. *Id.* at 543. Judge Briccetti denied the motion as to the GBL claim, and held that "whether a particular act or practice is deceptive is usually a question of fact." *Id.*

Numerous other courts in New York have agreed. *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 566 (S.D.N.Y. 2016) ("Courts have generally held that since this second factor requires a reasonableness analysis, it cannot be resolved on a motion to dismiss."); *Segedie v. Hain Celestial Grp., Inc.*, 2015 WL 2168374, at *12 (S.D.N.Y. May 7, 2015) ("Whether the labels would mislead a reasonable consumer is a question of fact for the jury."); *In re Frito-Lay N. Am., Inc. All Natural Litig.*, 2013 WL 4647512, at *15 (E.D.N.Y. Aug. 29, 2013) ("[T]he

question whether a reasonable consumer would likely be deceived . . . is a factual dispute. Therefore, it is generally not resolved on a motion to dismiss.") (internal citations omitted); *Hidalgo v. Johnson & Johnson Consumer Companies, Inc.*, 148 F. Supp. 3d 285, 295 (S.D.N.Y. 2015) ("A court may make [the reasonable consumer determination] as a matter of law, although usually such a determination is a question of fact.").

As the reasonable consumer test is a factual inquiry under New York law, Defendant's motion must be denied as to Plaintiff's allegations under GBL § 349 and § 350.[2]

### 2. The Complaint Adequately Alleges That A Reasonable Consumer Would Be Deceived By The Product's Label

Even if the Court were to go beyond the four corners of the Complaint and determine whether a reasonable consumer would be deceived by the Product's Clinically Proven Claim, this case does not present the rare situation where a court may find that a reasonable consumer would not be deceived as a matter of law on a motion to dismiss.

The front label of Defendant's Product label prominently states "Clinically Proven Lose Weight & Keep It Off." Compl. at ¶ 1. The claim is set forth on the front of the Product's package, immediately below the Product name, within its own boxed-off section of the packaging in all capital letters. Compl. at ¶ 18; Mot. at Exh. 1 (product label). A reasonable consumer, looking at the label of the Product, plausibly could conclude that 1) the Clinically Proven Claim refers to the Product itself, 2) the Product causes weight loss and helps keep weight off, and 3) the Product has been tested and was clinically proven to have these characteristics and functions. But MCT Oil is not clinically proven to cause weight loss or keep weight off (in fact the opposite is true based on scientific data), nor is the Slimfast Keto Plan as a whole clinically proven. *See*

---

[2] This is especially true because none of the other elements of Plaintiff's GBL § 349 and § 350 claims are at issue on this motion, as Defendant has failed to raise any arguments related to the first or third elements.

5

Compl. at ¶ 1, 16, 17, 19, 22, 35, 38.  The only conceivable reason that a consumer would purchase a weight loss supplement is if the supplement could augment weight loss efforts beyond diet and exercise alone.  If a supplement represents that it is clinically proven to result in weight loss and keep weight off, but it in fact does not do that, the customer has wasted his or her money.  That is exactly what happened here.

Defendant insists that the purported disclaimer on the Product immunizes it from liability.  Mot. at 7.  But the Second Circuit, in a published decision, has stated the exact opposite.  In *Mantikas v. Kellogg Co.*, the plaintiffs brought a putative class action against the defendant based on alleged misrepresentations on its "whole grain" Cheez-It product labeling.  There, the defendant marketed a "whole grain" Cheez-It product that was distinct from the original Cheez-Its, but the side nutrition label of the product revealed that "enriched white flour," and not whole grains, were the main ingredient in that product.  *See Mantikas*, 910 F.3d at 634-35.  The plaintiffs alleged that the product's label was misleading because they believed "on the basis of that label that the grain content was predominantly whole grain.  Contrary to their belief, however, the grain content was not predominantly whole grain, but rather enriched white flour."  *Id.*  The District Court granted the defendant's motion to dismiss, concluding that "both the 'MADE WITH WHOLE GRAIN' and 'WHOLE GRAIN' labels would not mislead a reasonable consumer, because both statements were true and were qualified by further accurate language detailing the number of grams of whole grain per serving."  *Id.*  The Second Circuit reversed, reasoning:

> Although the district court is correct that an allegedly misleading statement must be viewed "in light of its context on the product label or advertisement as a whole," [. . .] the court misapplied that principle to Plaintiffs' claims in this case. Plaintiffs' core allegation is that the statements "WHOLE GRAIN" and "MADE WITH WHOLE GRAIN" are misleading because they

6

> communicate to the reasonable consumer that the grain in the product is predominantly, if not entirely, *whole* grain. Contrary to the reasonable expectations communicated by the large, bold-faced claims of "WHOLE GRAIN," however, the grain in the product is predominantly enriched white flour. While the disclosures on the front of the box relied on by the district court ("MADE WITH 5G [OR 8G] OF WHOLE GRAIN PER SERVING") do set forth accurately the *amount* of whole grain in the crackers per serving, they are nonetheless misleading because they falsely imply that the grain content is entirely or at least predominantly whole grain, whereas in fact, the grain component consisting of enriched white flour substantially exceeds the whole grain portion.

*Id.* at 636–37.

The defendant in *Mantikas* argued that because the side panel disclosed the details of the product, that a reasonable consumer would not be deceived. The Second Circuit rejected this argument, reasoning:

> [W]e cannot conclude that these disclosures on the side of the box render Plaintiffs' allegations of deception implausible. "[R]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008). "Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that *confirms* other representations on the packaging." *Id.* at 939-40 (emphasis added). **We conclude that a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box**. Plaintiffs plausibly allege that the Nutrition Facts panel and ingredients list on whole grain Cheez-Its—which reveals that enriched white flour is the predominant ingredient—contradict, rather than confirm, Defendant's "whole grain" representations on the front of the box.

*Id.* at 637 (emphasis added).[3]

---

[3] Although Plaintiff cited *Mantikas v. Kellogg Co.* in its pre-motion conference response letter, ECF No. 14, Defendant fails to address this binding Second Circuit authority in its moving papers. Instead, Defendant primarily relies on a District Court opinion decided before *Mantikas* – *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304 (S.D.N.Y. 2017). But this case is more like *Mantikas* than *Kommer* because, here, the consumer is presented with a misleading claim on the front of a product label and must turn to the fine print on the back of the package

7

*Mantikas* controls this case. The representation "Clinically Proven Lose Weight & Keep It Off" is false and misleading because it suggests to the reasonable consumer that the Product is clinically proven to result in weight loss and keep weight off, when it is not. Further, as to the purported disclaimer, the Second Circuit made clear that a reasonable consumer would expect that the fine print on the Product's label would *confirm* the representations on the face of the Product, not contradict it.[4] Therefore, Defendant cannot avoid liability for the misleading statement on the front of the Product's label by including a fine print disclaimer on the back of the Product (ultimately leading to a web page) explaining that the Product does not actually work. Under binding Second Circuit precedent, Defendant's arguments fail.

### C.   PLAINTIFF STATES A CLAIM FOR BREACH OF WARRANTY

Defendant recycles the same arguments in contending that the purported disclaimer on the back of the package defeats Plaintiff's claims for breach of express and implied warranty. Mot. at 8. However, Defendant's arguments fare no better with regard to Plaintiff's warranty claims.

First, Defendant argues that the Product's label does not create an express warranty. Mot. at 9. That is wrong. The Uniform Commercial Code's express warranty provision, as adopted by New York, provides that "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." N.Y. U.C.C. Law § 2-313(a). "Any description of the goods which is made part of the basis of the bargain creates

---

where there is further information linked to the misleading claim displayed on the face of the package.

[4] This case is actually even further removed than the disclaimer in *Mantikas* because not only does the consumer have to go to the back of the label to read the purported "disclaimer," but the consumer then has to go from the disclaimer to a web page to figure out the truth about the product. *See* Mot at 1.

8

an express warranty that the goods shall conform to the description." N.Y. U.C.C. Law § 2-313(1)(b).  A plaintiff complaining of breach of express warranty must "set forth the terms of the warranty upon which he relied." *Parker v. Raymond Corp.*, 87 A.D.3d 1115, 1117 (2d Dep't 2011).  Here, "Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that SlimFast MCT was 'Clinically Proven' to help consumers 'Lose Weight & Keep It Off.'" Compl. ¶ 50.  These are affirmations of fact about the Product, namely that the Product is "Clinically Proven" and that the Product is "Clinically Proven [To] Lose Weight & Keep It Off."  This affirmation of fact creates an express warranty. *See, e.g., Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 234-35 (E.D.N.Y. 2015) (finding that dietary supplement label promising "Rapid Weight Loss" and that the product was a "clinically tested fat burner" were affirmations of fact sufficient to create an express warranty).[5]  Further, Plaintiff specifically alleges that the description of the Product, specifically its representation "Clinically Proven Lose Weight & Keep It Off," was part of the basis of the bargain.  *See* Compl. ¶ 21 ("Mr. Maroney read these representations prior to and at the time of purchase, and understood them as representations and warranties that the Product was, in fact, effective for weight loss and 'Clinically Proven' to help consumers 'Lose Weight & Keep It Off.'  He relied on these

---

[5] Defendant's argument regarding the reasonableness of Plaintiff's understanding of the warranty language is premature for determination at the motion to dismiss stage.  *Sitt v. Nature's Bounty, Inc.*, 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26, 2016) ("As discussed above with regard to Plaintiff's consumer protection claims, because the Court cannot conclude that the Product could not mislead a reasonable consumer, the Court cannot conclude as a matter of law that Defendants' representations about the Product would not amount to a warranty that could induce a consumer to purchase the Product, and which is therefore actionable as an express warranty under either New York law or the MMWA.").  Further, because, as discussed above, Defendant's label was in fact materially misleading to a reasonable consumer, Defendant's arguments fail in the warranty context as well.  *Singleton v. Fifth Generation, Inc.*, 2016 WL 406295, at *11 (N.D.N.Y. Jan. 12, 2016) ("As discussed above, Plaintiff has plausibly alleged that Defendant's vodka bottle labels could mislead a reasonable consumer, and therefore, Plaintiff plausibly alleges breach of express warranties for the same reasons."); *Goldemberg*, 8 F. Supp. 3d at 483 ("Defendant reiterates its GBL § 349 argument that none of the above statements are false and misleading as a matter of law.  However, as the Court is unable to determine as a matter of law that the statements are not misleading under GBL § 349, it is equally inappropriate to determine they are not misleading for the warranty claim.").

representations and warranties in deciding to purchase Glanbia's SlimFast MCT product, and these representations and warranties were part of the basis of the bargain in that he would not have purchased Glanbia's SlimFast MCT product if he had known that it was not, in fact, effective for weight loss and not 'Clinically Proven" to help consumers "Lose Weight & Keep It Off.'").

A fine-print disclaimer inconsistent with an express warranty that appears on the face of the label will not defeat an express warranty claim. *Potler v. MCP Facilities Corp.*, 471 F. Supp. 1344, 1351 (E.D.N.Y. 1979) (deeming a disclaimer inoperative where a product's express warranties could not reasonably be construed consistently with the disclaimer's language).  This is set forth explicitly in the language of the Uniform Commercial Code, which provides that if an express warranty and a disclaimer cannot be read consistently, the "negation or limitation [of the warranty] is inoperative."  N.Y.U.C.C. 2-316(1).  Quoting a commentary on the UCC, Judge Freeh elaborated on this concept:

> Given a head-on conflict between an express warranty and a disclaimer, the disclaimer is the one that suffers.  It is legally ineffective.  Gone.  Kaput.... [t]he express warranty is as tenacious as a pitbull.  Once it is in place, it never lets go and all the disclaimers in the world are simply so many shouts that it does not even hear.

*Borman's, Inc. v. Olympic Mills, Inc.*, 1993 WL 190344, at *5 (S.D.N.Y. 1993) (quoting T. Quinn, Quinn's Uniform Commercial Code Commentary and Law Digest, ¶ 2–313 [A][11], at p. 2–219 (2d Ed.1991)); *see also Wilson Trading Corp. v. David Ferguson, Ltd.*, 23 N.Y.2d 398, 405, 244 N.E.2d 685, 689 (1968) ("An attempt to both warrant and refuse to warrant goods creates an ambiguity which can only be resolved by making one term yield to the other[. . .] . Section 2—316 (subd. (1)) of the Uniform Commercial Code provides that warranty language prevails over the disclaimer if the two cannot be reasonably reconciled.").  Here, Defendant's

purported disclaimer cannot be construed as consistent with the express warranty regarding the Product, and therefore is inoperative.

### D. PLAINTIFF STATES A CLAIM FOR UNJUST ENRICHMENT

Defendant argues that "Plaintiff's claim for unjust enrichment fails, because it is nothing more than a catch-all, thrown in just in case his other claims fail." Mot. at 10. That is wrong. Considering Plaintiff's allegations, and the nature of Defendant's deceptive conduct, the Court should not dismiss the unjust enrichment claim at the pleading stage.

Defendant denies it has breached any express warranties. Mot. at 8-9. In similar cases, courts in this circuit and district readily allow unjust enrichment claims to be alleged in alternative to contract claims where defendants deny the existence or scope of an agreement. *Speedfit LLC v. Woodway USA, Inc.*, 53 F. Supp. 3d 561, 580 (E.D.N.Y. 2014) ("While plaintiffs' unjust enrichment claim is derived from the same set of facts as plaintiffs' breach of contract claim, plaintiffs may plead alternative theories of liability at this stage because [defendant] disputes the existence of an agreement."); *Murray Eng'g P.C. v. Remke*, 2018 WL 3773991, at *11 (S.D.N.Y. Aug. 9, 2018) (explaining that "where there is a bona fide dispute over the existence of the contract, a claim for unjust enrichment must not be dismissed as duplicative of a breach of contract claim") (internal quotation marks and citation omitted).

Defendant argues that Plaintiff's unjust enrichment claim should be dismissed as duplicative. Mot. at 10, citing *Corsello v. Verizon N.Y., Inc.*, 18 N.Y. 3d 777, 790-91 (2012). However, where plaintiff's fraud claim may ultimately fail, the unjust enrichment claim should not be dismissed. *Haraden Motorcar Corp. v. Bonarrigo*, 2020 WL 1915125, at *10 (N.D.N.Y. Apr. 20, 2020) ("Plaintiff could, for instance, ultimately fail to prove its fraud or conversion claims while still establishing that Defendant received a benefit ... that aught to in equity and

11

good conscience be turned over to [Plaintiff].") (Citation omitted).

Defendant further argues that "the Complaint negates any notion that Plaintiff conferred any benefit on Slimfast" because Plaintiff purchased the Product from Walmart and not directly from Defendant. Mot. at 10. That is wrong. Defendant's argument has been squarely and repeatedly rejected by New York state and federal courts:

> . . . Defendant principally argues that Plaintiff fails to plead unjust enrichment because Plaintiff does not allege that it had "some of type of direct dealing or actual, substantive relationship with a defendant." [. . .]. Defendant accurately describes New York law in 1997, as the S.D.N.Y. understood it. But this is not the law today, as promulgated by New York's own courts. Today, New York law does not require an unjust enrichment plaintiff to plead "direct dealing," or an "actual, substantive relationship" with the defendant. It merely requires that the plaintiff's relationship with a defendant not be "too attenuated." [*Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 215–16, 863 N.E.2d 1012, 1018 (2007)]. For example, a product's indirect purchaser cannot assert an unjust enrichment claim against an entity that manufactured one of that product's *ingredients. See Id.* (tire purchaser could not assert unjust enrichment claim against manufacturer who produced chemical that went into tire's rubber); *State ex rel. Spitzer v. Daicel Chemical Industries, Ltd.,* 42 A.D.3d 301, 304, 840 N.Y.S.2d 8, 12 (1st Dep't 2007) (no unjust enrichment claim against food additives manufacturer, because "end users" were "too attenuated from the producers of the chemicals which are among the ingredients of those products"). **But the indirect purchaser can assert such an unjust enrichment claim against the manufacturer of the *product* itself**. For instance, in *Cox v. Microsoft Corp.,* 8 A.D.3d 39, 40–41, 778 N.Y.S.2d 147, 149 (1st Dep't 2004), the First Department permitted an indirect purchaser of Microsoft's computer software to sue Microsoft for unjust enrichment. *See also Bildstein v. MasterCard International, Inc.,* 03–CV–9826I, 2005 WL 1324972, *5 (S.D.N.Y. 2005) (credit card user stated unjust enrichment claim against Mastercard, despite receiving card through an issuing bank). Here, Plaintiff is an indirect Berry Green purchaser who is suing Berry Green's manufacturer. She is not suing the manufacturer of a Berry Green ingredient. Thus, much like the *Cox* plaintiff, she is not "too attenuated" from Berry Green to maintain

an unjust enrichment claim. *Sperry,* 8 N.Y.3d at 215–216, 831 N.Y.S.2d 760, 863 N.E.2d 1012; *Cox,* 778 N.Y.S.2d at 149.

*Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 403–04 (E.D.N.Y. 2010) (emphasis added); *Tyman v. Pfizer, Inc.*, 2017 WL 6988936, at *20 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 481890 (S.D.N.Y. Jan. 18, 2018) ("Here, as in *Waldman*, the plaintiffs are indirect purchasers who—assuming the truth of their allegations—conferred a benefit on Pfizer by purchasing the Products at inflated prices, albeit through intermediary retailers.  That is all that is required at this stage of the case.").  Defendant's arguments as to Plaintiff's unjust enrichment claim fail.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss should be denied. Alternatively, if the motion is granted in any respect, Plaintiff should be given leave to amend. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Dated:  September 4, 2020                                   Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Joseph I. Marchese*

Joseph I. Marchese
Andrew J. Obergfell
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  jmarchese@bursor.com
            aobergfell@bursor.com

*Attorneys for Plaintiff*