UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MARONEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>KSF ACQUISITION CORPORATION d/b/a SLIMFAST,<br><br><br>        Defendant. | Case No: 7:20-CV-02788-CS |

**KSF ACQUISITION CORPORATION D/B/A SLIMFAST'S
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
THE CLASS ACTION COMPLAINT**

## **TABLE OF CONTENTS**

Page

INTRODUCTION ...............................................................................................................................1

RE-CAP OF FACTS ..........................................................................................................................3

ARGUMENT .......................................................................................................................................4

      A.    Plaintiff's Interpretation of the Label is Objectively Unreasonable. ........................4
      B.    Plaintiff's Warranty Claims Fail. ...............................................................................7
      C.    Plaintiff's Unjust Enrichment Claim Fails.................................................................9

CONCLUSION..................................................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                                                         **Page(s)**

*Bautista v. CytoSport, Inc.*,
 223 F. Supp. 3d 182 (S.D.N.Y. 2016)..............................................................................10

*Bourbia v. S.C. Johnson & Son, Inc.*,
 375 F. Supp. 3d 454 (S.D.N.Y. 2019)................................................................................5

*Devane v. L'Oreal USA, Inc.*,
 No. 19 Civ. 4362 (GBD), 2020 WL 5518484 (S.D.N.Y. Sept. 14, 2020)..............................1, 7

*Fed. Treasury Enter. Sojuzplogoimport v. Spirits Int'l N.V.*,
 400 F. App'x 611 (2d Cir. 2000) ......................................................................................10

*Mantikas v. Kellogg Co.*,
 910 F.3d 633 (2d Cir. 2018).......................................................................................1, 6, 7

*Manuel v. Pepsi-Cola Co.*,
 No. 17 Civ. 7955, 2018 WL 2269247 (S.D.N.Y. May 17, 2018), *aff'd*, 763 F.
 App'x 108 (2d Cir. Mar. 15, 2019)......................................................................................8

*Nelson v. MillerCoors, LLC*,
 246 F. Supp. 3d 666 (E.D.N.Y. 2017) ................................................................................8

*Reyes v. Crystal Farms Refrigerated Distrib. Co.*,
 No. 18-cv-2250, 2019 WL 3409883 (E.D.N.Y. July 26, 2019)..........................................9, 10

*Sarr v. BEF Foods, Inc.*,
 No. 18-cv-6409, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ............................................9

*In re Scotts EZ Seed Litig.*,
 No. 12-cv-4727, 2013 WL 2303727 (S.D.N.Y. May 22, 2013) ..........................................9

*Singleton v. Fifth Generation, Inc.*,
 No. 5:15-cv-474, 2016 WL 406295 (N.D.N.Y Jan. 12, 2016) ...........................................8

*Sitt v. Nature's Bounty Inc.*,
 No. 15-cv-4199, 2016 WL 5372794 (E.D.N.Y Sept. 26, 2016) .........................................8

*Spagnola v. Chubb Corp.*,
 574 F.3d 64 (2d Cir. 2009).................................................................................................4

*Sugawara v. PepsiCo, Inc.*,
 No. 2:08-cv-01335, 2009 WL 1439115 (E.D. Cal. May 21, 2009) ....................................5

*Tyman v. Pfizer, Inc.*,
 No. 16-cv-06941, 2017 WL 6988936 (S.D.N.Y. Dec. 27, 2017), *report and
 recommendation adopted*, 2018 WL 48190 (S.D.N.Y. Jan. 18, 2018)..............................10

*Williams v. Gerber Prods. Co.*,
 552 F.3d 934 (9th Cir. 2008) ..........................................................................................6, 7

**State Cases**

*Corsello v. Verizon N.Y., Inc.*,
	18 N.Y.3d 777 (2012) ........................................................................................................... 9

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 2, 10

**INTRODUCTION**

Plaintiff's Opposition to SlimFast's motion to dismiss answers two important questions; one factual, one legal.[1] Factually, why did the Complaint include only part of the label on the SlimFast Keto MCT Oil product (the "Product")? We now know he hoped the Court would not consider the complete label and ignore Plaintiff's fatal admission that he "used the Product as directed." (Complaint, ¶21; Opp. at n.1.) The label directs consumers to take the Product "as per your meal plan", and there are multiple references to a SlimFast related meal plan on multiple parts of the label. Ignoring the full label and his key admission, Plaintiff claims that he thought he could achieve weight loss solely by using the product alone, and not as part of the complete SlimFast Keto Meal Plan. This is an inartful dodge on Plaintiff's part. As Judge Daniels observed recently in granting a motion to dismiss a product labeling claim, "It is unreasonable – as Plaintiff attempts – to suggest that a consumer is not required to read a product's label to obtain information. Reasonableness cannot be based solely on what a consumer might have known prior to picking up the Products and examining the labels." *Devane v. L'Oreal USA, Inc.,* No. 19 Civ. 4362 (GBD), 2020 WL 5518484, at *5 n.3 (S.D.N.Y. Sept. 14, 2020). Plaintiff's unreasonable reading of the label should be dismissed as a matter of law.

Legally, what is the legal basis upon which Plaintiff thought his claims would survive? Now we know that Plaintiff is hitching his fortunes to *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018), which he claims "forecloses" the Court's ability to dismiss his claims by reviewing the label as a whole. (Opp. at 2.) This argument is meritless as *Mantikas* is factually distinguishable and does not spare Plaintiff's Complaint from dismissal.

---

[1] Plaintiff's opposition to Defendant's motion is referred to herein as "Opposition" or "Opp."

1

Finally, Plaintiff claims that SlimFast's "silence is deafening" regarding so-called "science" about alleged stand-alone effects of consuming MCT Oil on weight loss. (Opp. at 1.) Plaintiff argues that SlimFast does not attempt to rebut his arguments that MCT Oil is incapable of producing weight loss on its own. This merits-based argument cannot be properly addressed in a Rule 12(b)(6) context; thus, it is ironic, since Plaintiff repeatedly argues SlimFast's arguments are "premature." It also does not address the claims Plaintiff actually attempted to plead; instead, it is a diversion. SlimFast never claimed the Product would produce weight loss *by itself*, no matter what else a consumer did. Daily use of SlimFast Keto MCT Oil cannot overcome a daily barrage of bagels, brioche and birthday cake, and no one interested in pursuing a keto diet would believe it would. Nothing on the Product label says so. Otherwise, Plaintiff would have set it forth in bolded letters that cried out for the Court's attention. Instead, Plaintiff resists the Court even reviewing the label, erroneously arguing that SlimFast's complete, legible image in place of the Complaint's obscured one goes beyond the Complaint.

This case is not a referendum on whether the SlimFast Keto Plan (without or without the Keto MCT Oil) is capable of helping consumers meet their weight loss goals. That case would be simple, because literally millions of consumers have lost weight following the SlimFast Plan. Instead, Plaintiff claims that a reasonable person looking at the SlimFast Keto MCT Oil label would reasonably believe that by consuming 1 tablespoon of the Product, he could otherwise go on living his life, changing nothing about his diet and exercise habits, and still meet his weight loss goals, simply due to the magical powers of MCT Oil as a fool-proof elixir powerful enough to overcome any other lifestyle habits. Even assuming words exist that would make that belief objectively "reasonable," those words cannot be found on the Product's label. Lest any doubt remain, the directions for use completely foreclose any such belief. Whether Plaintiff followed

the SlimFast Keto Plan, including calorie reduction, drinking water and exercise, yet still failed to reach his goals, presents quintessentially factual issues that could not be resolved on a motion to dismiss. But what matters for purposes of *this motion* is whether a reasonable person, looking at the entire label – complete with directions for use and multiple references to a meal plan – could believe the product alone, apart from the SlimFast Keto plan, would deliver his weight loss goals. No reasonable person could so believe.

And this explains the "deafening silence." He is not hearing anything, because he tuned to the wrong channel – one featuring programming about standalone studies of MCT Oil, not the SlimFast Plan, and certainly not one tuned to false advertising/warranty claims based on SlimFast's Keto MCT Oil's complete label. Conflating those two issues produces the "static" Plaintiff is counting on to salvage his claims. The Court should cut through the noise, as SlimFast has been steadfast and clear: Plaintiff's claimed interpretation of the SlimFast Keto MCT Oil label is manifestly unreasonable and his claims should be dismissed as a matter of law.

## RE-CAP OF FACTS

Plaintiff does not dispute that the following content appears on the Product label:

- "**Suggested Use:** Use 1 tablespoon added to foods or drinks as per your meal plan."

- "***WHEN USED AS PART OF THE SLIMFAST PLAN (A REDUCED CALORIE DIET, REGULAR EXERCISE, AND PLENTY OF FLUIDS). INDIVIDUAL RESULTS MAY VARY. FIND THE COMPLETE SLIMFAST KETO PLAN AT WWW.SLIMFASTKETO.COM.**"

- "**The Clinically Proven SlimFast Plan** combines over 40 years of weight loss success with tasty and satisfying products, to now also offer you optimal ketogenic nutrition. Follow the SlimFast Keto Plan+ to help you lose weight fast and keep it off. See results in just one week!*"

- "**+ Find the complete SlimFast Keto Plan at www.SlimFastKeto.com.**"

- "**text now for your 7-day meal planner**"

3

Plaintiff dismisses this language as small print, back-of-the-label content that should be disregarded at the motion to dismiss phase. The Court is not required to accept Plaintiff's argumentative characterizations. It can view the label and determine whether his allegation that he used the Product as directed – "as per your meal plan" – plausibly squares with a belief the Product would produce weight loss by itself. It does not; SlimFast's motion should be granted.

**ARGUMENT**

**A.     Plaintiff's Interpretation of the Label is Objectively Unreasonable.**

Both parties recognize that Plaintiff's claimed label interpretation is subject to an objective standard. Both parties recognize that some claims are so far-fetched that no jury is necessary and the Court, therefore, can adjudicate whether they are so implausible as to be dismissed as a matter of law. The parties' disagreement is whether Plaintiff's interpretation of the label puts this case into the far-fetched, unreasonable category.

At the motion to dismiss stage, New York law looks to whether a label could deceive a reasonable consumer acting reasonably under the circumstances. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). Here, apparently, the "circumstances" are a reasonable consumer looking to lose weight. It is manifestly unreasonable in those circumstances to believe MCT Oil alone would produce weight loss without any lifestyle change. Thus, it would require powerful, over the top label claims to move the needle from "there is no magic weight loss potion" to "Wow, here is the magic." Plaintiff cannot point to any language on the label suggesting that using SlimFast Keto MCT Oil *and nothing else* will deliver his weight loss goals.

Plaintiff's Opposition concedes that thinking the Product would produce results all by itself is manifestly unreasonable. Thus, his Opposition asserts "The only conceivable reason that a consumer would purchase a weight loss supplement is *if the supplement could augment weight loss efforts beyond diet and exercise alone*." (Opp. at 6 (emphasis added).) This is where his

4

claim goes off the rails.  Plaintiff now admits that he ***knows*** successful weight loss turns not upon the magic of MCT Oil by itself, but, rather, on his efforts in diet and exercise and persistence in behavior modification.  This is entirely consistent with the Product's label that says follow the plan and individual results may vary.  It is exactly opposite of his claimed belief that he thought the Product could produce results all on its own.

Plaintiff relies upon *Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454, 461 (S.D.N.Y. 2019), for the proposition that merely alleging he used the product as directed was sufficient to state a claim.  (Opp. at 2, n.1.)  This reliance is misplaced.  The product at issue in *Bourbia*, mosquito repellent, had self-contained instructions that ***required nothing beyond mere application of the product*** in order to repel mosquitoes.  There was no comprehensive mosquito-protection plan, and success or failure did not turn upon anything else the user did or did not do.

The more analogous case is *Sugawara v. PepsiCo, Inc.*, No. 2:08-cv-01335, 2009 WL 1439115 (E.D. Cal. May 21, 2009).  There, the plaintiff claimed she reasonably believed that Cap'n Crunch with Crunchberries actually contained real fruit, not mere "brightly-colored cereal balls" as stated on the package.  *Id.* at *3.  The court granted defendant's motion to dismiss because plaintiff's reading of the package was manifestly unreasonable, noting that "a reasonable consumer would not be deceived into believing that the Product in the instant case contained a fruit that does not exist." *Id*.  Indeed, plaintiff's interpretation was so unreasonable that the court granted the motion to dismiss without leave to amend, noting "In this case . . . it is simply impossible for Plaintiff to file an amended complaint stating a claim based upon these facts.  The survival of the instant claim would require this Court to ignore all concepts of personal responsibility and common sense.  The Court has no intention of allowing that to happen." *Id*. at *5.  SlimFast's

motion likewise should be granted without leave to amend.² No reasonable consumer could believe that weight loss from the Product was not part of the SlimFast Plan mentioned repeatedly on the label, along with directions that the Product is to be "added to food or drinks *as per your meal plan*."

Recognizing the unreasonableness of his label interpretation, Plaintiff here offers a back-up argument: namely, that the Second Circuit disallows rejection of manifestly unreasonable claims if the unreasonableness is demonstrated by language elsewhere on the label. Plaintiff asserts that *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), holds that if a consumer claims to be misled by something on the front of the package, he cannot be expected to read other parts of the box to correct his misimpression. Not surprisingly, neither *Mantikas* nor the Ninth Circuit case it relies upon, *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008), supports that argument. In *Mantikas*, the product was Cheez-It crackers labeled as "whole grain" or "made with whole grain." 910 F.3d at 634. But the ingredient statement disclosed the primary grain ingredient was enriched white flour, not whole grains. *Id.* In *Williams*, the product was children's fruit snacks shaped like oranges, peaches, strawberries and cherries and claimed to be made with real fruit juice, but the ingredient list revealed the only fruit ingredient in the product was white grape juice concentrate. 552 F.3d at 936. Both cases stand for the limited proposition that an ingredient list cannot be relied upon to correct false impressions reasonably created by the words or images on a product's principal display panel. These cases might apply if, for example, Plaintiff claimed that the SlimFast MCT Oil was not actually made with coconut oil but was instead made up in part of

---

² In fact, while Plaintiff asks for the Court's permission to amend his Complaint if SlimFast's motion is granted "in any respect" (Opp. at 13), this Court already gave Plaintiff the chance to amend his Complaint at the pre-motion conference. Accordingly, this request should be denied.

some other kind of oil, and the only way a consumer would know that would be to read the ingredient list. But no such claim is made here, so *Mantikas* and *Williams* are inapposite. Moreover, neither product came with additional instructions for use as part of a specific meal plan, let alone one that would dictate the user's success (or not) with the product. These cases could not be farther afield; the Product here had instructions to follow the SlimFast Keto Plan, and no instructions for standalone use.

Plaintiff chides SlimFast for not citing *Mantikas*, as if it is a mandatory starting place for motions to dismiss in label cases, even though this case has nothing to do with misleading claims about product ingredients. (*See* Opp. at 7 n.3.) SlimFast simply notes that in granting defendant's motion to dismiss in *Devane*, 2020 WL 5518484, Judge Daniels did not cite *Mantikas* either.

**B.     Plaintiff's Warranty Claims Fail.**

SlimFast's motion argued that there was no warranty that the MCT Oil Product, all by itself, would produce any weight loss. In response, one would have expected Plaintiff to point to language on the Product label that could reasonably be construed as creating such a warranty. He cannot do so, because, as the Court can see, the label has no such language. So, instead, Plaintiff argues that his subjective understanding forms the warranty, and if he subjectively thought the Product would cause him to lose weight no matter what else he ate, no matter what else he did, and no matter whether he modified his behavior in any way, then his subjective belief controls and the Court cannot dismiss his warranty claims. He cites no case to support such an extreme, subjective theory of contract law. Thus, whether a warranty has been ***breached*** may raise questions of fact, but whether a warranty ***exists at all*** is an issue that the Court can decide as a matter of law. That inquiry is simple: there is no language anywhere on the Product label that promises any result apart from use with the SlimFast Plan. There is no disclaimer purporting to qualify or claw back a promise made elsewhere. Plaintiff's warranty claims rise or fall on the

7

presence of language that can reasonably be interpreted to promise weight loss results simply from using the Product *and nothing else*. Since there is no such language, Plaintiff's reliance on other cases and other labels is unavailing. For example, Plaintiff cites *Singleton v. Fifth Generation, Inc.*, No. 5:15-cv-474, 2016 WL 406295 (N.D.N.Y Jan. 12, 2016), which concerned a claim that a product label reasonably caused a consumer to believe that product was "handmade," whatever that term might mean. (Opp. at 9 n.5.) But there is nothing in that case to support the argument that the words "When used as part of the SlimFast Plan (a reduced calorie diet, regular exercise, and plenty of fluids)" could reasonably mean "works all by itself no matter what else you do, whatever your goals might be."

Plaintiff also relies on *Sitt v. Nature's Bounty Inc.*, No. 15-cv-4199, 2016 WL 5372794 (E.D.N.Y Sept. 26, 2016). This case helps prove SlimFast's point. In *Sitt*, the product promised to alleviate menopause symptoms. There were no directions for use as part of a larger plan, nor any language informing users that results would vary by an individual's fidelity and consistency in sticking to that larger plan. And that's the problem with Plaintiff's theory: he cannot twist the actual Product label to fit such factually distinguishable cases. The plain language of the Product label, in its entirety, simply will not support Plaintiff's "works all by itself guaranteed" warranty claim. His claims thus fail as a matter of law. *See Manuel v. Pepsi-Cola Co.*, No. 17 Civ. 7955, 2018 WL 2269247, at *8-9 (S.D.N.Y. May 17, 2018) (finding plaintiffs "cannot maintain a claim that reasonable consumers have been deceived" and explaining "a cause of action for false or misleading conduct cannot rest on an unreasonable reading of label or advertising at issue"), *aff'd*, 763 F. App'x 108 (2d Cir. Mar. 15, 2019). The court must look at the alleged "warranty" in the context of the full label, which may spell defeat as a matter of law. *Nelson v. MillerCoors, LLC*,

246 F. Supp. 3d 666, 678-79 (E.D.N.Y. 2017) (assuming label created "warranty" about the place of brewing, other label content identified the place; thus breach of warranty claim failed).[3]

### C. Plaintiff's Unjust Enrichment Claim Fails.

Plaintiff's Opposition provides this Court with no facts demonstrating that his unjust enrichment claim is not duplicative of his other claims. First, he argues that this claim is not duplicative because his "fraud claim may ultimately fail." (Opp. at 11.) In other words, a belt and suspenders are not duplicative just because they both hold up pants. This argument concedes duplication. Unjust enrichment is only available in "unusual situations when . . . circumstances create an equitable obligation running from the defendant to the plaintiff," **not** where it simply duplicates other contract or tort claims. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790-91 (2012) (dismissing unjust enrichment, finding "if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects"); *see Reyes v. Crystal Farms Refrigerated Distrib. Co.*, No. 18-cv-2250, 2019 WL 3409883, at *5 (E.D.N.Y. July 26, 2019) (dismissing unjust enrichment based on the same alleged misrepresentations as other claims); *Sarr v. BEF Foods, Inc.*, No. 18-cv-6409, 2020 WL 729883, at *10 (E.D.N.Y. Feb. 13, 2020) (dismissing unjust enrichment as duplicative, noting "if the plaintiffs' other claims fail, so, too, does the unjust enrichment claims"). Likewise, this Court has recognized unjust enrichment should be dismissed

---

[3] Plaintiff does not even address SlimFast's arguments that his claim for breach of implied warranty fails for lack of privity. He cannot dispute that Complaint ¶ 21 alleges that Plaintiff bought the Product at Wal-Mart. That means Plaintiff did not buy the Product directly from SlimFast and, therefore, he is not in privity of contract with SlimFast. This is fatal to Plaintiff's claim, because New York law requires privity of contract in order for such claims to lie. "[C]ourts have expressed a policy against holding manufacturers liable to end-consumers under a theory of implied warranty where the parties are not in privity." *In re Scotts EZ Seed Litig.*, No. 12-cv-4727, 2013 WL 2303727, at *8 (S.D.N.Y. May 22, 2013) (citations and quotations omitted). Since Plaintiff cannot change where he bought the Product, there are no additional facts for the Court to consider and his implied warranty claim fails as a matter of law.

when the plaintiff has "failed to explain how the unjust enrichment claim is 'not merely duplicative of [the] other causes of action.'" *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 194 (S.D.N.Y. 2016) (Seibel, J.) (citations omitted). Plaintiff's case, *Tyman v. Pfizer, Inc.*, similarly recognizes this fact. *See* No. 16-cv-06941, 2017 WL 6988936, at *19 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 48190 (S.D.N.Y. Jan. 18, 2018). In *Tyman* the court dismissed the duplicative unjust enrichment claims, holding they "are based upon the same factual allegations and seek the same relief as [plaintiff's] legal claims." *Id.* at *19. The court explained that unjust enrichment "will not survive a motion to dismiss where the plaintiff fail[s] to explain how [it] is not merely duplicative of [his] other causes of action." *Id.* at *20 (citations and quotations omitted). Here, Plaintiff does not argue in his Opposition—let alone plead in his Complaint—how this claim is not duplicative or premised on different facts or circumstances; it is not.

Second, Plaintiff failed to plead unjust enrichment's essential elements. Even assuming the law supports unjust enrichment for indirect purchasers and that Plaintiff somehow "conferred a benefit" on SlimFast, (Opp. at 12-13), he nevertheless would have an adequate remedy at law if his claims had merit. *See Fed. Treasury Enter. Sojuzplogoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2000) ("Unjust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists."). Accordingly, his "catchall" equitable claim should be dismissed. *See Reyes*, 2019 WL 3409883, at *5 (dismissing unjust enrichment claim when plaintiff did not properly allege any equitable obligation entitling him to recover based on defendant's alleged misrepresentations on a product's label).

## CONCLUSION

For the foregoing reasons, Defendant SlimFast respectfully requests that this Court grant its motion to dismiss the Complaint pursuant to Rule 12(b)(6).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: New York, New York<br>September 25, 2020 | **GREENBERG TRAURIG, LLP**<br><br>By: _/s/ Philip H. Cohen_<br>    Philip H. Cohen<br>    Andrea N. Chidyllo<br>    200 Park Avenue<br>    New York, New York 10166<br>    Tel: (212) 801-9200<br>    Fax: (212) 801-6400<br>    *Cohenp@gtlaw.com*<br>    *Chidylloa@gtlaw.com*<br><br>    Rick L. Shackelford (*admitted pro hac vice*)<br>    GREENBERG TRAURIG, LLP<br>    1840 Century Park East<br>    Suite 1900<br>    Los Angeles, CA 90067<br>    Tel: (310) 586-7700<br>    Fax: (310) 586-0575<br>    *shackelfordr@gtlaw.com*<br><br>    *Attorneys for Defendant KSF Acquisition Corporation d/b/a SlimFast* |