UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MARONEY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>KSF ACQUISITION CORPORATION d/b/a SLIMFAST,<br><br>　　　　　Defendant. | Case No: 7:20-CV-02788-CS<br><br>Hon. Cathy Seibel<br><br>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

　　　　WHEREAS, this matter having come before the Court by stipulation of the parties hereto, for the entry of a protective order pursuant to Federal Rule Civil Procedure 26, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below;

　　　　WHEREAS, the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and

　　　　WHEREAS, this Court finds that good cause exists for the issuance of an appropriately tailored confidentiality order;

　　　　IT IS HEREBY ORDERED that:

　　　　1.　　This Stipulation is being entered into to facilitate the production, exchange and discovery of documents, interrogatory responses, deposition testimony, and other information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony" or "Information).

2. Any party may designate Documents produced, Testimony given, or other Information provided in connection with this action as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties or by other appropriate means.

3. As used herein:

a) "Confidential Information" shall mean all Documents, Testimony, other Information, and all information contained therein, designated as "CONFIDENTIAL", if such Documents, Testimony or Information contain trade secrets, proprietary business information, competitively sensitive information, confidential research, development, commercial information, confidential medical records, medical information, information of a personal nature or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.  It shall also mean all Documents, Testimony, other Information, and all information contained therein, designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", if such Documents, Testimony or Information contain highly sensitive business or financial information that in the good faith judgment of the party designating the material believes unauthorized disclosure could irreparably injure the Producing Party.

b) "Producing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

c) "Receiving Party" shall mean the parties to this action and any third-parties receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a) Personnel (*e.g.*, directors, officers, managers, employees, and or advisors, or any subsidiary or affiliate thereof) of plaintiffs or defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b) Counsel for the parties to this action (including a party's in-house / corporate counsel) and their associated attorneys, paralegals and other professional personnel (including support staff and/or outside vendors or service providers that counsel hire and assign to this matter) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c) Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

d) The Court and court personnel, if filed in accordance with paragraph 13 hereof;

e) An officer before whom a deposition is taken, including stenographic reporters, any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 11 hereof;

f) Trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11, respectively, hereof; and

g) Any other person agreed to by the parties in writing.

5. In the event a Party or non-party produces Confidential Information or Material that it reasonably believes would not be adequately protected by designation as "CONFIDENTIAL" under the terms of this Order, it shall identify such material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Documents, Information and Testimony so designated may be disclosed only to persons identified in Paragraphs 4(b), (c), (d), (e), (f) and (g).

6. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If the Producing Party does not agree to declassify such document or material, it must notify the Receiving Party of its position within seven (7) business days from the Receiving Party's notification. Within fourteen (14) business days from the Producing Party's notification, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed within that time period, such documents or materials shall continue to be treated as designated. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

7. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purpose.

8. Before any disclosure of Confidential Information is made to a person described in paragraphs 4 (a) or (c) hereof, counsel for the Receiving Party shall provide such person the agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall retain each signed certificate and supply a copy to counsel for the other party upon request.

9. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) business days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen day period, any party wishing to classify some or all of the deposition testimony shall notify the other parties of its intent to designate any portion of the testimony as Confidential Information. The designating party shall serve upon opposing counsel a letter containing a list of pages (including line numbers as appropriate) marked "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Additionally, if all or part of a videotaped deposition is designated as Confidential Information, the DVD, CD, or thumb drive, plus any container, shall be so labeled. The designating party shall inform the court reporter of these requirements.

10. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

11. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as

"Confidential Information" under the terms hereof.  Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the form at Exhibit A annexed hereto.  Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party upon request.

12. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.  In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) business days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege.

13.

a) All persons seeking to file redacted documents or documents under seal with the Court shall follow Section 11 titled "Electronic Filing Under Seal in Civil and Miscellaneous Cases", of the Individual Practices of Judge Cathy Seibel, dated February 3, 2020.

b) Any Party filing a motion or any motion papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Information itself, and not text that in no material way reveals the Confidential Information.

c) All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

14. Any Party who objects to any designation of confidentiality (whether Confidential or Highly Confidential) may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court. Counsel for the Party designating Discovery Material as Confidential or Highly Confidential shall bear the burden of proof as the appropriateness of any challenged designation, with the specific intent of encouraging good faith designations at the outset.

15. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

16. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 12 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

17. Copies or excerpts of information contained within, or summaries, notes, memoranda, correspondence, or charts containing any information from, a document or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be treated respectively as Confidential or Highly Confidential- Attorneys' Eyes Only.

18. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

19.     This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by a properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, Civil Practice Law and Rules or other applicable laws.

20.     This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any part of the Stipulation.  The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

21.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

22.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed.. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.  To the extent that return of destruction of such documents is not feasible (*e.g.*, because the material has been stored electronically and cannot readily be deleted), the Receiving Party may comply with this requirement by sequestering the information and taking reasonable steps to ensure it will not be accessed.  Notwithstanding

anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.  This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.  Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

23.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protections for any particular material or information.

Dated:  New York, New York
         September 3, 2021

| BURSOR & FISHER, P.A. | GREENBERG TRAURIG LLP |
|---|---|
| By: */s/ Andrew J. Obergfell*<br>  Joseph I. Marchese<br>  Andrew J. Obergfell<br>  888 Seventh Avenue<br>  New York, NY 10019<br>  Tel: (646) 837-7150<br>  Fax: (212) 989-9163<br>  jmarchese@bursor.com<br>  aobergfell@bursor.com<br><br>     *Attorneys for Plaintiff* | By: */s/ Philip H. Cohen*<br>   Philip H. Cohen<br>   Andrea N. Chidyllo<br>   200 Park Avenue<br>   New York, New York 10166<br>   Tel: (212) 801-9200<br>   Fax: (212) 801-6400<br>   cohenp@gtlaw.com<br>   chidylloa@gtlaw.com<br><br>   Rick L. Shackelford (admitted pro hac vice)<br>   1840 Century Park East<br>   Suite 1900<br>   Los Angeles, CA 90067<br>   Tel: (310) 586-7700<br>   Fax: (310) 586-0575 |

*Attorneys for Defendant KSF
Acquisition Corporation d/b/a SlimFast*

SO ORDERED.

_____
CATHY SEIBEL, U.S.D.J.   9/3/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MARONEY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>KSF ACQUISITION CORPORATION d/b/a SLIMFAST,<br><br><br>　　　　　Defendant. | Case No:  7:20-CV-02788-CS<br><br>**Hon. Cathy Seibel**<br><br>**AGREEMENT TO RESPECT CONFIDENTIAL MATERIAL** |

I, _____, state that:

    1.    My address is: _____.

    2.    My present employer is: _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Confidentiality Stipulation and Protective Order (the "Stipulation") entered in the above-entitled action on _____.

    5.    I have carefully read and understand the provisions of the Stipulation.

    6.    I will comply with all of the provisions of the Stipulation.

    7.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.


Dated: _____                                                                   _____